UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 6:15-cr-00175

VERSUS                            JUDGE HAIK

RAYLIN RICHARD                    MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Currently pending is the motion to suppress, which was filed by the defendant, Raylin Richard. (Rec. Doc. 20). An evidentiary hearing was held on September 29, 2015. Testifying for the government were: Sarah Breaux, Acadia Parish Sheriff's Office employee Candice Chaisson, Acadia Parish Sheriff's Deputy Michael Prather, and Acadia Parish Sheriff's Office Detective Jeff Stewart. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be DENIED.

## FACTUAL BACKGROUND

Sarah Breaux has been employed for the past one year and five months as a civil service employee for the Louisiana State Police, working for Troop I as a dispatcher for traffic incidents. In the past, she worked as a patrol officer for the Crowley Police Department, but her employment as a law enforcement officer ended in 2006. Ms. Breaux first met Mr. Richard in high school, and they started dating in January 2014. At some point thereafter, he moved into her home in the Maxie

community of Acadia Parish, where she lived with her three children ages nine, thirteen and fourteen.  Early in their relationship, Mr. Richard gave Ms. Breaux the password to his iPhone 5, telling her that he had nothing to hide.

At some time before May 16, 2015, Ms. Breaux noticed a change in Mr. Richard's behavior, which caused her to believe that he was cheating on her.  On May 16, 2015, Mr. Richard took Ms. Breaux's children to some property that they were thinking about purchasing and left Ms. Breaux at home alone.  He also left his iPhone 5 at home.  Ms. Breaux seized the opportunity to look through his text messages and photographs to see if there was any evidence that he was cheating on her.  Among his photographs, she found images of her then-twelve-year-old daughter naked after taking a shower.  The photographs showed the young lady naked from the waist down.  Ms. Breaux started deleting the photographs then realized that she wanted to preserve the evidence.  She sent one of the images to her own cell phone.

Ms. Breaux was afraid for her own safety and for the safety of her children. She was also afraid that Mr. Breaux might return home and delete the images, destroying the evidence.  She decided to call law enforcement.

Ms. Breaux telephoned Candice Chaisson, a dispatcher with the Acadia Parish Sheriff's Office, told her what she had discovered on Mr. Richard's iPhone, and asked her to send a deputy to her home.  Ms. Chaisson, who is a sworn law

enforcement officer, dispatched Deputy Michael Prather to Ms. Breaux's home.  Ms. Chaisson also reported Ms. Breaux's call to her sergeant, Acadia Parish Sheriff's Deputy Glenn Johnson.  Sergeant Johnson also went to Ms. Breaux's home.

Ms. Breaux then telephoned Sgt. Michael Devillier with the Louisiana State Police and asked him to send a state trooper to her home.  Trooper Donald McFarland was dispatched to Ms. Breaux's home.

The three law enforcement officers – Trooper McFarland, Deputy Prather, and Sergeant Johnson – arrived at Ms. Breaux's home before Mr. Richard returned. Ms. Breaux got into Deputy Prather's vehicle with Mr. Richard's iPhone in her possession, and Deputy Prather took her to the Acadia Parish Sheriff's Office while Trooper Johnson and Sergeant Johnson went to get Ms. Breaux's children.

At the Acadia Parish Sheriff's Office, Ms. Breaux gave a statement to Detective Jeff Stewart, which was audiotaped and videotaped.  At the evidentiary hearing, Ms. Breaux testified that she did not give the iPhone to Detective Stewart until after he had obtained a signed search warrant, but Detective Stewart testified that, before a search warrant was obtained, the password that Mr. Richard had given to Ms. Breaux was used to access the iPhone so that the device's IMEI number could be obtained in order for the iPhone to be properly identified in the search warrant. Detective Stewart also testified that the iPhone settings were changed by placing it

-3-

in airplane mode in an effort to prevent the phone from being wiped clean from a remote location.  These two manipulations of the iPhone were made by Acadia Parish Deputy Sheriff Lana Benoit.

Detective Stewart prepared an affidavit to support a search warrant; he contacted Judge John Trahan of the Fifteenth Judicial District Court, Acadia Parish, Louisiana; he presented the search warrant to Judge Trahan; and Judge Trahan signed it.  Although Judge Trahan dated the search warrant May 15, Detective Stewart saw Judge Trahan sign it on May 16.

Before the search warrant was signed by Judge Trahan, Ms. Breaux showed Detective Stewart the image that she had viewed on Mr. Richard's iPhone and then sent to her own cell phone.  She showed it to him on her own cell phone; he did not view the image by looking at Mr. Richard's iPhone.  Detective Stewart testified that he did not ask to view that image; Ms. Breaux showed it to him spontaneously.

After the search warrant was signed by Judge Trahan, Detective Stewart searched the contents of Mr. Richard's iPhone.  There is no evidence that any active law enforcement officer ever instructed Ms. Breaux to search or seize Mr. Richard's phone prior to her looking at it for the first time on May 16, 2015. Aside from obtaining the IMEI number for the warrant and placing the phone in airplane mode to protect any potential evidence from being destroyed, there is also no evidence that

-4-

any active law enforcement officer searched the contents of Mr. Richard's phone prior to the issuance of the search warrant.

Mr. Richard was charged in a federal criminal complaint on June 30, 2015. On August 12, 2015, he was indicted by a federal grand jury and charged with one count of production of child pornography, four counts of attempted production of child pornography, and one count of possession of child pornography. (Rec. Docs. 3, 4). In a superseding indictment, issued on September 9, 2015, he was charged with six counts of production of child pornography, three counts of attempted production of child pornography, and one count of possession of child pornography. (Rec. Docs. 23, 24).

In the instant motion, Mr. Richard seeks to have all of the evidence gathered by searching the iPhone suppressed, arguing that this evidence was discovered during an illegal search of his telephone.

## CONTENTIONS OF THE PARTIES

The plaintiff contends that Ms. Breaux's search of the contents of Mr. Breaux's iPhone was illegal because she was acting as a law enforcement officer or with the assistance of law enforcement officers when she seized and searched the phone, that the illegal search of the phone led to illegal searches of Mr. Richard's laptop computer, and that the seizure and search violated the Fourth and Fourteenth

Amendments of the United States Constitution as well as Article I, Section 5 of the Louisiana Constitution.

The government contends that Ms. Breaux was acting as a private citizen when she seized and searched Mr. Richard's iPhone and that she did so with Mr. Richard's consent because he gave her the password used to access the device.  Accordingly, the government contends that Mr. Richard's constitutional rights have not been violated.

## ANALYSIS

The Fourth Amendment to the United States Constitution proscribes unreasonable searches and seizures.[1]  Under the Fourth Amendment, people are guaranteed the right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, and search warrants are to be issued only upon probable cause.[2]  Because the Fourth Amendment itself contains no enforcement mechanism, the exclusionary rule developed as a judicially-created remedy to safeguard Fourth Amendment rights.[3]  In general terms, the exclusionary rule

---

[1]      *United States v. Oliver*, 630 F.3d 397, 405 (5th Cir. 2011).

[2]      *Club Retro, LLC v. Hilton*, 568 F.3d 181, 195 (5th Cir. 2009).

[3]      *Davis v. United States*, ___ U.S. ___, 131 S. Ct. 2419, 2426 (2011).

prohibits the introduction of evidence at trial that is derivative of an unconstitutional search or seizure[4] and thereby deters police misconduct.[5]

In this case, the defendant seeks to have evidence of child pornography that was found on his iPhone excluded from presentation at trial, alleging that Ms. Breaux's search of his cell phone was unconstitutional.  The defendant argues that Ms. Breaux's search of Mr. Richard's cell phone was unconstitutional for two reasons.  First, he argues that, because Ms. Breaux is employed by the Louisiana State Police, the search was conducted by the government.  Second, he argues that Ms. Breaux enlisted the assistance of other governmental actors to assist her in searching the contents of the cell phone, using a cell-site stimulator.  He contends that the images found by Ms. Breaux should be suppressed because she was a state actor who searched his phone without a warrant.  He also contends that the images found when law enforcement personnel subsequently searched his phone after obtaining a warrant should be suppressed because the results of that search are derivative of Ms. Breaux's search and, consequently, are "fruit of the poisonous tree."

The undersigned finds that Ms. Breaux was not acting as a government representative at the time that she searched Mr. Richard's iPhone.

_____

[4]        *United States v. Hernandez*, 670 F.3d 616, 620 (5th Cir. 2012); *United States v. Singh*, 261 F.3d 530, 535 (5th Cir. 2001).

[5]        *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).

First, Ms. Breaux was not a law enforcement officer at the time of the search. The uncontroverted evidence is that Ms. Breaux had not served as a law enforcement officer for several years before she searched Mr. Richard's iPhone. Although she worked as a dispatcher for traffic incidents at the Louisiana State Police Troop I, she was a civil service employee, who had no badge or weapon and no authority to arrest anybody as part of her job duties.

Second, there is no evidence that Ms. Breaux was assisted by law enforcement officers in her search of Mr. Richard's iPhone.  The evidence established that Ms. Breaux did not speak with and therefore did not seek the assistance of any law enforcement officer before searching the iPhone.  Further, no one in law enforcement told Ms. Breaux what to do with the phone before she looked at it.  Ms. Chaisson did not know that Ms. Breaux was going to search Mr. Richard's iPhone before she did so, and Ms. Chaisson did not tell Ms. Breaux to search the phone.  Before being dispatched to Ms. Breaux's home, Deputy Prather did not talk with Ms. Breaux about searching the phone.  Similarly, Detective Stewart had no knowledge that Ms. Breaux was going to search the phone before she was delivered to the Sheriff's Office by Deputy Prather, and he did not tell her to search the phone.

Third, although the defendant argued in his briefing that Ms. Breaux's search of the cell phone was assisted by law enforcement officials using a cell-site

stimulator, no evidence was presented at the hearing regarding the use of a cell-site stimulator to search Mr. Richard's iPhone.

Not only was Ms. Breaux not a law enforcement officer or assisted by a law enforcement officer when she searched the iPhone, her search of the iPhone was motivated by wholly personal concerns, i.e., whether Mr. Richard was engaging in intimate or romantic relationships with women other than herself. She was not searching for evidence of criminal activity when she looked at Mr. Richard's text messages and photographs and had no reason to believe she would find pictures of her 12-year old child naked on the phone before she actually saw them.

The Fifth Circuit applies a two-part test to determine when a private party is a government actor under the Fourth Amendment:  (1) whether the government knew or acquiesced in the intrusive conduct, and (2) whether the private party intended to assist law enforcement efforts or to further his own ends.[6]  The undersigned finds that neither of these criteria is met with regard to Ms. Breaux's search of Mr. Richard's phone.  There is no evidence that the government knew about or acquiesced in her search of the cell phone, and there is no evidence that Ms. Breaux intended to assist law enforcement efforts by searching the phone.  Consequently, the undersigned finds

---

[6]     *United States v. Paige*, 136 F.3d 1012, 1018 (5th Cir. 1998).  See, also, *United States v. Grimes*, 244 F.3d 375, 383 (5th Cir. 2001).

that Ms. Breaux's search of Mr. Richard's iPhone was a search by a private citizen acting in a private capacity.  "The Fourth Amendment does not protect against searches conducted by private individuals acting in a private capacity."[7]  Therefore, the Fourth Amendment's protection "is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official."[8]  Therefore, it does not matter whether Ms. Breaux's search of Mr. Richard's iPhone was undertaken with or without his consent.  In either case, she did not violate his Fourth Amendment rights.

However, the undersigned further finds that Ms. Breaux's search of Mr. Richard's iPhone was undertaken with his consent.  When Mr. Richard gave Ms. Breaux the password for his iPhone, he gave up any expectation of privacy regarding the contents of the phone that he might previously have had.  To determine whether a defendant has a reasonable expectation of privacy sufficient to contest the validity of a search, a court must consider whether the defendant is able to establish an actual, subjective expectation of privacy concerning the place being searched or the item

---

[7]	*United States v. Oliver*, 630 F.3d at 406, citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

[8]	*United States v. Runyan*, 275 F.3d 449, 457 (5th Cir. 2001), quoting *United States v. Jacobsen*, 466 U.S. at 113.

being seized, and whether that expectation of privacy is one that society would recognize as reasonable.[9]  Consent to search is valid when it is both voluntary and an independent act of free will.[10]

Undoubtedly, a person has a reasonable expectation of privacy in a cell phone that is password protected.  "[C]ell phones contain a wealth of private information, including emails, text messages, call histories, address books, and subscriber numbers."[11]  Possession of such a device gives rise to a reasonable expectation of privacy regarding its contents[12] even if the phone is not password protected.[13]  Once the password is given to another person, however, it is no longer reasonable for the owner of such a device to expect that the person with the password will not use the password to access the device.  In this case, the evidence demonstrates that Mr. Richard voluntarily and independently gave his consent to Ms. Breaux when he gave her the password for his iPhone.  Therefore, Ms. Breaux's search of the phone was

---

[9]     *United States v. Finley*, 477 F.3d 250, 258 (5th Cir. 2007); *United States v. Cardoza–Hinojosa*, 140 F.3d 610, 614 (5th Cir. 1998); *United States v. Kye Soo Lee*, 898 F.2d 1034, 1037–38 (5th Cir. 1990).

[10]     *United States v. Jenson*, 462 F.3d 399, 406 (5th Cir. 2006); *United States v. Montgomery*, 777 F.3d 269, 272-73 (5th Cir. 2015)

[11]     *United States v. Zavala*, 541 F.3d 562, 577 (5th Cir. 2008).

[12]     *United States v. Zavala*, 541 F.3d at 577.

[13]     *United States v. Finley*, 477 F.3d 250, 259 (5th Cir. 2007).

-11-

conducted with Mr. Richard's consent.  As explained above, however, if Mr. Richard had not given his consent to Mr. Breaux by giving her the password for the iPhone, her search might have been unreasonable but it would not have constituted a Fourth Amendment violation because she was a private individual acting in a private capacity.

Detective Stewart viewed one image from Mr. Richard's iPhone before he obtained a search warrant to search the contents of the phone.  That image was obtained by Ms. Breaux when she found it on Mr. Richard's phone then texted or e-mailed it to her own cell phone.  Ms. Breaux showed the image to Detective Stewart by having him view her cell phone.  "A police view subsequent to a search conducted by private citizens does not constitute a 'search' within the meaning of the Fourth Amendment so long as the view is confined to the scope and product of the initial search."[14]  When Detective Stewart looked at the image that Ms. Breaux had taken from Mr. Richard's iPhone and sent to her own cell phone, he was looking at a product of Ms. Breaux's initial private search.  Therefore, his viewing of that image was not a search for Fourth Amendment purposes and, consequently, did not violate Mr. Richard's constitutional rights.

---

[14]     *United States v. Runyan*, 275 F.3d 449, 458 (5th Cir. 2001), quoting *United States v. Bomengo*, 580 F.2d 173, 175 (5th Cir. 1978).

The undersigned finds that Ms. Breaux's search of the iPhone was a private search that is not governed by the Fourth Amendment and finds that Detective Stewart's viewing of one image taken from the iPhone before obtaining a search warrant was within the scope of Ms. Breaux's private search and, consequently, not a violation of Mr. Richard's Fourth Amendment rights.

### Conclusion

For the reasons set forth above, it is recommended that defendant Raylin Richard's motion to suppress (Rec. Doc. 20) be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Cr. P. 59(b)(2), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or on a date set by the district court, shall act to waive the party's right to review by the district court. Fed. R. Cr. P. 59(b)(2).

Signed at Lafayette, Louisiana, this 30th day of September 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-13-