UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 15-cr-00175 |
| VERSUS | JUDGE MINALDI |
| RAYLIN RICHARD | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Currently pending is the defendant's motion to dismiss the indictment (Rec. Doc. 67) on the basis that the relevant statute, as applied in this case, violates the Commerce Clause of the United States Constitution. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be DENIED.

The defendant was charged in a federal criminal complaint on June 30, 2015. On August 12, 2015, he was indicted by a federal grand jury and charged with one count of production of child pornography, four counts of attempted production of child pornography, and one count of possession of child pornography. (Rec. Docs. 3, 4). In a superseding indictment, issued on September 9, 2015, he was charged with six counts of production of child pornography in violation of 18 U.S.C. § 2251(a);

three counts of attempted production of child pornography in violation of 18 U.S.C. § 2251(a), (e); and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Rec. Docs. 23, 24).

This motion addresses the crimes charged in Section 2251(a), which reads as follows, in pertinent part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in. . . any sexually explicit conduct . . . shall be punished as provided under subsection (e). . . *if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means*. . . . [Emphasis added.]

The defendant allegedly photographed his girlfriend's twelve-year-old daughter while she was engaging in normal bathroom activities in the family's residence. There has been no suggestion that the photographs were shared with any other person. However, the mobile phone that the defendant used to capture images of the girl was allegedly manufactured in a foreign country then transported to Louisiana before being used to photograph the girl. The defendant alleges that the charged conduct is purely local and that the Commerce Clause does not give Congress authority to regulate such conduct.

In support of his argument, the defendant cited *United States v. Lopez*, 514 U.S. 549 (1995), in which the Supreme Court held that a statute forbidding any individual

to knowingly possess a firearm at a place that the individual knows is a school zone exceeded Congressional authority to regulate commerce among the several states. However, *Lopez* recognized three broad categories of activity that Congress may regulate under its commerce power: (1) the use of the channels of interstate commerce, (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities, and (3) those activities having a substantial relation to or substantially affecting interstate commerce.[1]

    The government opposes the motion and relies upon *United States v. Kallestad*, 236 F.3d 225 (5th Cir. 2000). In *Kallestad*, a similar challenge was made to a different statute that includes language very similar to that used in the statute being challenged in this case. In *Kallestad*, the defendant was charged with violating 18 U.S.C. § 2252(a)(4)(B), which proscribes the knowing possession of child pornography that was produced using materials shipped or transported in interstate or foreign commerce. The defendant had taken photographs of women, some of whom were under eighteen years of age, engaged in sexually explicit conduct. There was no evidence that the photographs moved in interstate commerce, but the evidence established that the film used by the defendant had traveled in interstate commerce.

---

[1] *United States v. Lopez*, 514 U.S. at 558-59.

The court held that the statute was facially valid and further held that its application in that particular case fell within Congress's power under the Commerce Clause. In reaching that conclusion, the court noted the existence of an interstate market in child pornography and stated that Congress "can reach purely local possession if it rationally determines that doing so is necessary to effectively regulate the national market."[2] The court further reasoned that "Congress could rationally determine that banning purely local possession was a necessary adjunct to its effort to ban interstate traffic."[3] The court found that Congress was legitimately seeking to eliminate the interstate market for child pornography, and noted that "Congress may reach intrastate possession in an effort it may rationally conclude is necessary to control this interstate market."[4] The court then reiterated that "Congress can prohibit local possession in an effort to regulate product supply and demand and thereby halt interstate trade."[5]

The Fifth Circuit has reached the same conclusion in subsequent child pornography cases. In *United States v. Rivers*, 598 Fed. App'x 291 (5th Cir. 2015),

---

[2] *United States v. Kallestad*, 236 F.3d at 230.

[3] *United States v. Kallestad*, 236 F.3d at 230.

[4] *United States v. Kallestad*, 236 F.3d at 231.

[5] *United States v. Kallestad*, 236 F.3d at 231.

the defendant pleaded guilty to the production of child pornography under 18 U.S.C. § 2251(a) and the possession of prepubescent child pornography under 18 U.S.C. § 2252A(a)(5)(B). "In the factual basis for his plea, he admitted that the child pornography was produced using materials that were 'mailed, shipped, or transported in or affecting interstate or foreign commerce' and possessed on a cellular telephone that was produced using materials that were 'mailed, shipped, or transported in or affecting interstate or foreign commerce.'"[6] The court stated: "We have held that the Commerce Clause authorizes Congress to prohibit local, intrastate possession and production of child pornography where the materials used in the production were moved in interstate commerce."[7]

In *United States v. Dickson*, 632 F.3d 186 (5th Cir. 2011), the defendant was convicted of the possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and the production of child pornography in violation of 18 U.S.C. § 2251(a) after a CD containing videos and images of child pornography was found in his home. The parties conceded that the images never traveled in interstate commerce, but the government argued that the CD holding the images was made in

---

[6] *United States v. Rivers*, 598 Fed. App'x 291, 291 (5th Cir.), *cert. denied*, 136 S. Ct. 123, 193 L. Ed. 2d 96 (2015).

[7] *United States v. Rivers*, 598 Fed. App'x at 292.

China. The court found this sufficient to support a conviction, noting that *Kallestad* foreclosed the defendant's Commerce Clause argument. In confirming his conviction, the Fifth Circuit said this: "Because the government presented sufficient evidence that the CD was shipped from the Republic of China, a reasonable fact-finder could have found that Dickson produced the pornographic images using materials that traveled in interstate or foreign commerce. The conviction is affirmed."[8]

A Mississippi district court reached a similar decision in *Stevens v. United States*, No. 1:03CR130-GHD-1, 2013 WL 3458152 (N.D. Miss. July 9, 2013). There, the defendant was convicted of producing child pornography in violation of 18 U.S.C. § 2251 and § 2256. Following his conviction, he filed a motion to vacate his conviction and sentence, arguing that Section 2251(a) is an unconstitutional extension of the Commerce Clause of the United States Constitution because his crimes were the non-economic and completely intrastate creation and possession of child pornography. It was determined that the defendant created child pornography by taking inappropriate pictures of his friends' children. The materials the defendant used to create and store the images were recovered during the investigation, including a camera that was made in China. The court disagreed with the defendant's

---

[8] *United States v. Dickson*, 632 F.3d 186, 190 (5th Cir. 2011).

argument, holding that the requirements of Section 2251(a) were satisfied because the camera the defendant used to take the pornographic images "was manufactured outside of Mississippi and traveled in interstate commerce."[9] The court further stated that "[t]he fact that Petitioner created child pornography solely for his own personal use is irrelevant to the constitutionality of the statute."[10]

In crafting its ruling, the Mississippi court relied upon *Gonzales v. Raich*, in which the United States Supreme Court noted that "[o]ur case law firmly establishes Congress' power to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce."[11] *Raich* held that the Commere Clause authorizes Congress to prohibit the local cultivation and use of marijuana. This is consistent with the rulings of *Kallestad*, *Rivers*, *Dickson*, and *Stevens*. All of those cases support the proposition that Congress did not venture beyond the boundaries of the Commerce Clause in criminalizing the local possession and creation of child pornography when it is produced using materials – such as cameras or mobile telephones – that traveled in interstate commerce because the statute was designed to control the interstate market in child pornography.

---

[9] *Stevens v. United States*, 2013 WL 3458152, at *4.

[10] *Stevens v. United States*, 2013 WL 3458152, at *4.

[11] *Gonzales v. Raich*, 545 U.S. 1, 17 (2005).

## CONCLUSION

For the reasons set forth above, this Court finds that the 18 U.S.C. § 2251(a), as applied in this case, does not violate the Commerce Clause of the United States Constitution. Accordingly,

IT IS RECOMMENDED that the defendant's motion (Rec. Doc. 67) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or on a date set by the district court, shall act to waive the party's right to review by the district court. Fed. R. Cr. P. 59(b)(2).

Signed at Lafayette, Louisiana, this 5th day of February 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: 2/5/2016
BY: EFA
TO: PM
tb