UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 15-cr-00175

VERSUS                            JUDGE MINALDI

RAYLIN RICHARD                    MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Currently pending is the motion to dismiss the indictment and alternatively for a bill of particulars (Rec. Doc. 66), which was filed by the defendant, Raylin Richard. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. The motion is opposed.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be DENIED.

The defendant was charged in a federal criminal complaint on June 30, 2015. On August 12, 2015, he was indicted by a federal grand jury and charged with one count of production of child pornography, four counts of attempted production of child pornography, and one count of possession of child pornography.  (Rec. Docs. 3, 4).  In a superseding indictment, issued on September 9, 2015, he was charged with six counts of production of child pornography in violation of 18 U.S.C. § 2251(a); three counts of attempted production of child pornography in violation of 18 U.S.C.

§ 2251(a), (e); and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  (Rec. Docs. 23, 24).

## THE CONTENTIONS OF THE PARTIES

The defendant seeks to have the superseding indictment dismissed, arguing that it is insufficient because it does not identify the alleged victim, the sexually explicit conduct that the victim engaged in, the visual depiction (i.e., the photograph, video, or other image), or the materials used to produce the visual depiction.  The defendant argues that he is entitled to know which specific depiction the grand jury decided supports each of the ten counts in the superseding indictment, and that he cannot properly prepare his defense without this information.  Alternatively, the defendant requests a bill of particulars.

The Government argues, to the contrary, that the information set forth in the indictment is sufficient.

## ANALYSIS

Rule 12(b)(1) and Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure supply the procedural means for a criminal defendant to challenge the sufficiency of an indictment.  Under Rule 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."

-2-

To be constitutionally sufficient, an indictment must (1) contain the elements of the charged offense, (2) fairly inform the defendant of the charges against him; and (3) provide the defendant with a double jeopardy defense against future prosecution for the same offense.[1]  Federal Rule of Criminal Procedure 7(c) is essentially the same.  It requires an indictment to contain a plain, concise, and definite written statement of the essential facts constituting the offense charged, and to cite the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.  These requirements ensure that the defendant has notice of the charges against him and that the grand jury found probable cause that the defendant committed each element of the charged offense.[2]  "Although the defendant is entitled to a plain concise statement of the essential facts constituting the offenses charged, the indictment need not provide him with the evidentiary details by which the government plans to establish his guilt."[3]  An indictment setting forth the offense in the words of the statute itself is generally sufficient to satisfy these requirements.[4]  An

[1]      *Hamling v. United States*, 418 U.S. 87, 117, reh'g denied 419 U.S. 885 (1974); *United States v. Harms*, 442 F.3d 367, 372 (5th Cir. 2006); *United States v. Sims Bros. Constr., Inc.*, 277 F.3d 734, 741 (5th Cir. 2001).

[2]      *United States v. Guzman-Ocampo*, 236 F.3d 233, 236 (5th Cir. 2000).

[3]      *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986); *United States v. Cauble*, 706 F.2d 1322, 1334 (5th Cir. 1983).

[4]      *Hamling v. United States*, 418 U.S. at 117.

indictment that meets minimal constitutional standards is sufficient to warrant a trial of the charges on the merits.[5]

The appropriateness of granting a motion to dismiss an indictment by pretrial motion is largely contingent upon whether the alleged infirmity is essentially one of law or involves determinations of fact.[6]  "If a question of law in involved, then consideration of the motion is generally proper."[7]  Therefore, a district court may dismiss an indictment based on the resolution of a legal question in the presence of undisputed facts.[8]

On the other hand, an indictment that meets the constitutional requirements cannot be challenged on the basis that the allegations are not supported by adequate evidence.  Thus, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid

---

[5]      See *Costello v. United States*, 350 U.S. 359, 363 (1956).

[6]      *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005); *United States v. Miller*, 491 F.2d 638, 647 (5th Cir. 1974).

[7]      *United States v. Flores*, 404 F.3d at 324, quoting *United States v. Korn*, 557 F.2d 1089, 1090 (5th Cir. 1977).

[8]      *United States v. Flores*, 404 F.3d at 325.

on its face, is enough to call for a trial of the charge on the merits."[9]  A district court lacks authority under Fed. R. Cr. P. 12 to dismiss an indictment on the basis of a sufficiency-of-the-evidence defense that raises factual questions.[10]

An indictment need not set forth every evidentiary detail necessary to establish the elements of the offense since, at the early stage of a criminal proceeding when an indictment is issued, the government is not required to set forth in detail all of the factual evidence by which it plans to establish a defendant's guilt at trial.[11]  Indeed, "the government is not required to prove its case in the indictment."[12]  As the Fifth Circuit has explained, "[t]he test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."[13]

In this case, it is true that very little factual detail was set forth in the superseding indictment.  However, the superseding indictment and the original indictment were preceded by a criminal complaint that supplied additional detail

---

[9]    *United States v. Mann*, 517 F.2d 259, 267 (5ᵗʰ Cir. 1975).  See, also, *Costello v. United States*, 350 U.S. 359, 363 (1956).

[10]    *United States v. Mann*, 517 F.2d at 267.

[11]    *United States v. Gordon*, 780 F.2d at 1172; *United States v. Cauble*, 706 F.2d at 1334.

[12]    *United States v. Alfortish*, No. 10-328, 2011 WL 2293136, at *2 (E.D. La. June 8, 2011).

[13]    *United States v. Webb*, 747 F.2d 278, 284 (5ᵗʰ Cir. 1994).

making it possible to determine the identity of the 12-year-old allegedly depicted in the images on which the indictment is based and to identify the devices that were allegedly used to produce the images.  The superseding indictment states the dates on which the alleged criminal conduct occurred.  Therefore, it is possible to cross-check those dates against the devices and determine what images underlie the alleged criminal conduct.  In Counts 7 through 9, the defendant was charged with attempting to produce child pornography.  Those counts do not require the Government to show that a visual depiction was actually produced.[14]  Therefore, the defendant's argument that he needs to know what image underlies the charge logically does not apply to those counts.  More importantly, the elements of the charged offense are set forth in each count of the superseding indictment.  Accordingly, the superseding indictment is constitutionally sufficient, and the motion to dismiss the indictment will be denied.

A defendant's constitutional right to know the offense with which he is charged is protected by the requirement that the elements of the offense be set forth in the indictment.  But that right "must be distinguished from a defendant's need to know the evidentiary details establishing the facts of such offense, which can be provided

---

[14]        *United States v. Branton*, No. CR 14-00050, 2014 WL 3887403, at *4 (W.D. La. Aug. 7, 2014).

-6-

through a motion for bill of particulars."[15]   The defendant alternatively requested a bill of particulars in this case.  The purpose of a bill of particulars, as provided for in Fed. R. Cr. P. 7(f), "is to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense"[16] and consequently prevent surprise at trial.[17]  A bill of particulars is not required if the defendant is provided through other means with sufficient information to enable him to prepare his defense and avoid surprise.[18]  A bill of particulars is not to be used to obtain a detailed disclosure of the government's evidence prior to trial.[19]   In other words, when the information requested is provided to the defendant in some other form, no bill of particulars is required.[20]   Whether to grant a motion for a bill of particulars is in the sound discretion of the trial court.[21]

---

[15]      *United States v. Gordon*, 780 F.2d at 1172.

[16]      *United States v. Kirkham*, 129 Fed. App'x 61, 71 (5th Cir. 2005); *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983).

[17]      *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977).

[18]      *United States v. Moody*, 923 F.2d at 351.

[19]      *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978).

[20]      *United States v. Marrero*, 904 F.2d 251, 258 (5th Cir. 1990).

[21]      *United States v. Harbin*, 601 F.2d 773, 778 (5th Cir. 1979).

In this case, it is undeniable that very few facts are included in the superseding indictment.  However, as noted above, the original and superseding indictments were preceded by a criminal complaint (Rec. Doc. 1) that includes more facts. Additionally, the defendant filed a motion to suppress certain evidence (Rec. Doc. 20), which was briefed by the parties and an evidentiary hearing was held before this Court.  The report and recommendation generated following the hearing (Rec. Doc. 38), which was later adopted by the district judge (Rec. Doc. 61) over the defendant's objections (Rec. Doc. 45), sets forth additional facts concerning the identity of one of the alleged child victims and the means by which the images were produced.  The defendant filed a motion in limine (Rec. Doc. 40) seeking to preclude certain evidence from introduction at trial.  The Government's response (Rec. Doc. 42) and the exhibits (Rec. Doc. 47-1 and 47-2) submitted by the Government in support of its response provide extensive factual support for the charges, particularly related to Count 9 of the superseding indictment, which concerns the second alleged child victim.  The joint status report (Rec. Doc. 41) referred to voluminous text messages produced in discovery.  The defendant moved for continuation of the trial date on the basis that he required additional time to review the voluminous text messages produced in discovery (Rec. Doc. 44), and the motion was granted (Rec. Doc. 48). Therefore, the record of this matter contains a great deal of factual material that was

not set forth in the superceding indictment or the criminal complaint.  This Court finds that, when the record is taken as a whole, so much factual material has been made available to the defendant that a bill of particulars is not required in this case.

## CONCLUSION

For the reasons set forth above, this Court finds that the superseding indictment is constitutionally sufficient and further finds that the record as a whole contains sufficient factual information underlying the charges listed in the superseding indictment to preclude the necessity for a bill of particulars.  Accordingly,

IT IS RECOMMENDED that the defendant's motion to dismiss the indictment and alternatively for a bill of particulars (Rec. Doc. 66) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or on a date set by the district court, shall act to waive the party's right to review by the district court.  Fed. R. Cr. P. 59(b)(2).

Signed at Lafayette, Louisiana, this 5th  day of February 2016.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: ___2/5/2016_____
BY: _____EFA_____
TO: _____PM_____
tb

-10-