UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 15-cr-00175 |
| VERSUS | JUDGE MINALDI |
| RAYLIN RICHARD | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending is the motion to dismiss Counts 1 through 8 of the indictment (Rec. Doc. 68), which was filed by the defendant, Raylin Richard. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be DENIED.

The defendant was charged in a federal criminal complaint on June 30, 2015. On August 12, 2015, he was indicted by a federal grand jury and charged with one count of production of child pornography, four counts of attempted production of child pornography, and one count of possession of child pornography. (Rec. Docs. 3, 4). In a superseding indictment, issued on September 9, 2015, he was charged with six counts of production of child pornography in violation of 18 U.S.C. § 2251(a); three counts of attempted production of child pornography in violation of 18 U.S.C.

§ 2251(a), (e); and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Rec. Docs. 23, 24).

### THE CONTENTIONS OF THE PARTIES

The defendant seeks to have Counts 1 through 8 of the superseding indictment dismissed. He argues that the facts alleged by the government do not support indictment under 18 U.S.C. § 2251(a) because the government alleges that the defendant secretly photographed a twelve-year-old girl. The defendant contends that the alleged activity does not satisfy the statute's express goal of punishing any person who "employs, uses, persuades, induces, entices, or coerces" a minor to engage in sexually explicit conduct so that visual depictions of that conduct can be made. Alternatively, he argues that the statute is ambiguous and consequently should be resolved in his favor under the rule of lenity.

The Government argues that the defendant's motion, which argues that the facts are insufficient to support a conviction of the referenced statute, raises a premature factual issue that is not appropriate for resolution by means of a motion to dismiss the indictment and should be raised only after the Government has presented its evidence at trial. Finally, the Government argues that the defendant's arguments have no substantive merit.

## ANALYSIS

Rule 12(b)(1) and Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure supply the procedural means for a criminal defendant to challenge the sufficiency of an indictment. Under Rule 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."

To be constitutionally sufficient, an indictment must (1) contain the elements of the charged offense, (2) fairly inform the defendant of the charges against him; and (3) provide the defendant with a double jeopardy defense against future prosecution for the same offense.[1] Federal Rule of Criminal Procedure 7(c) is essentially the same. It requires an indictment to contain a plain, concise, and definite written statement of the essential facts constituting the offense charged, and to cite the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. These requirements ensure that the defendant has notice of the charges against him and that the grand jury found probable cause that the defendant committed each element of the charged offense.[2] "Although the defendant is entitled to a plain concise statement of the essential facts constituting the offenses charged,

---

[1] *Hamling v. United States*, 418 U.S. 87, 117, reh'g denied 419 U.S. 885 (1974); *United States v. Harms*, 442 F.3d 367, 372 (5th Cir. 2006); *United States v. Sims Bros. Constr., Inc.*, 277 F.3d 734, 741 (5th Cir. 2001).

[2] *United States v. Guzman-Ocampo*, 236 F.3d 233, 236 (5th Cir. 2000).

the indictment need not provide him with the evidentiary details by which the government plans to establish his guilt."[3] An indictment setting forth the offense in the words of the statute itself is generally sufficient to satisfy these requirements.[4] An indictment that meets minimal constitutional standards is sufficient to warrant a trial of the charges on the merits.[5]

The propriety of granting a motion to dismiss an indictment by pretrial motion is largely contingent on whether the alleged infirmity is essentially one of law or involves determinations of fact.[6] "If a question of law in involved, then consideration of the motion is generally proper."[7] Therefore, a district court may dismiss an indictment based on the resolution of a legal question in the presence of undisputed facts.[8]

---

[3] *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986); *United States v. Cauble*, 706 F.2d 1322, 1334 (5th Cir. 1983).

[4] *Hamling v. United States*, 418 U.S. at 117.

[5] See *Costello v. United States*, 350 U.S. 359, 363 (1956).

[6] *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005); *United States v. Miller*, 491 F.2d 638, 647 (5th Cir. 1974).

[7] *United States v. Flores*, 404 F.3d at 324, quoting *United States v. Korn*, 557 F.2d 1089, 1090 (5th Cir. 1977).

[8] *United States v. Flores*, 404 F.3d at 325.

On the other hand, an indictment that meets the constitutional requirements cannot be challenged on the basis that the allegations are not supported by adequate evidence. Thus, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for a trial of the charge on the merits."[9] A district court lacks authority under Fed. R. Cr. P. 12 to dismiss an indictment on the basis of a sufficiency-of-the-evidence defense that raises factual questions.[10]

An indictment need not set forth every evidentiary detail necessary to establish the elements of the offense since, at the early stage of a criminal proceeding when an indictment is issued, the government is not required to set forth in detail all of the factual evidence by which it plans to establish a defendant's guilt at trial.[11] Indeed, "the government is not required to prove its case in the indictment."[12] As the Fifth Circuit has explained, "[t]he test for validity is not whether the indictment could have

---

[9] *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975). See, also, *Costello v. United States*, 350 U.S. 359, 363 (1956).

[10] *United States v. Mann*, 517 F.2d at 267.

[11] *United States v. Gordon*, 780 F.2d at 1172; *United States v. Cauble*, 706 F.2d at 1334.

[12] *United States v. Alfortish*, No. 10-328, 2011 WL 2293136, at *2 (E.D. La. June 8, 2011).

been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."[13]

In this case, the elements of the charged offense are set forth in each count of the superseding indictment. Accordingly, the superseding indictment is constitutionally sufficient.[14]

### A. WHETHER THE ALLEGED FACTS FAIL TO SATISFY AND ELEMENT OF THE STATUTE IS PREMATURE

To the extent that the defendant's argument is a factual one, it cannot be resolved at this time. The defendant recounts certain facts recited by the Government in its opposition to a motion in limine filed by the defendant (Rec. Doc. 68-1 at 2, quoting Rec. Doc. 43-2 at 1-2) and argues that these facts do not satisfy an element of the charged offense. Whether the Government will be able to prove the elements of the offense is a matter that must be left until after the Government has presented its case at trial and is not properly raised on a motion to dismiss the indictment.

### B. THE MEANING OF THE WORDS "USES" AND "EMPLOYS"

To the extent that the defendant may be articulating an issue of statutory interpretation regarding the terms "employs" or "uses" in the relevant statute, that

---

[13] *United States v. Webb*, 747 F.2d 278, 284 (5th Cir. 1994).

[14] This issue is also addressed in this Court's ruling on the defendant's motion to dismiss the indictment and alternatively for a bill of particulars (Rec. Doc. 66).

legal argument is meritless. The defendant has offered no jurisprudential authority in support of his argument that Section 2251(a) is not applicable in cases where the child victim has been filmed surreptitiously. The Government argued that the statute does not require a coercive act on the part of the defendant or knowing participation by the minor in the production of the visual depiction and pointed out jurisprudence from other circuits cases that upheld the conviction of defendants who surreptitiously filmed minor children.[15] This Court finds that authority persuasive.

The defendant also offered no jurisprudential authority in support of his argument that the terms "uses" and "employs," which were included in the superseding indictment and in the statute, are solely synonymous with the other words in the statute – persuades, induces, entices, coerces – that indicate participation by the minor victim in the production of the child pornography, whether voluntarily or because of manipulation or force. Although no Fifth Circuit jurisprudence was presented addressing the use of the terms "uses" and "employs," the Government cited jurisprudence from other circuits holding that 18 U.S.C. § 2251(a) does not require proof of coercion. The First, Second, Sixth, and Eighth Circuits agree that the "use" element of § 2251(a) is satisfied when a child is photographed in order to create

---

[15] See, e.g., *United States v. Boyle*, 700 F.3d 1138 (8th Cir. 2012), *United States v. Poulin*, 631 F.3d 17 (1st Cir. 2011); *United States v. Helton*, 302 Fed. App'x 842 (10th Cir. 2008).

pornography.[16] This Court finds that the other circuits used sound and persuasive reasoning to reach the conclusion that the "use" element of Section 2251(a) is satisfied by photographing a child for the purpose of creating pornography.

### C. THE STATUTE IS NOT AMBIGUOUS

The defendant's final argument is that Section 2251(a) is ambiguous and should, for that reason, be interpreted in his favor by employing the rule of lenity. The defendant argues that if the statute is applicable in this case then the statute is ambiguous because it might be applied in more than one circumstance – both when a minor has been enticed or coerced into the active production of child pornography and also when the child is surreptitiously photographed and thus unaware that he or she has been used in the production of child pornography. In support of that argument, the defendant cites to *Yates v. United States*, in which the United States Supreme Court explained that whether a statutory term is ambiguous is determined not only by reference to the language used in the statute itself, but also by the specific context in which the language is used as well as the broader context of the statute as

---

[16] *United States v. Wright*, 774 F.3d 1085, 1089 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1873, 191 L. Ed. 2d 727 (2015); *Ortiz-Graulau v. United States*, 756 F.3d 12, 18 (1st Cir. 2014), *cert. denied*, 135 S. Ct. 1438, 191 L. Ed. 2d 395 (2015); *United States v. Fadl*, 498 F.3d 862, 866 (8th Cir. 2007); *United States v. Sirois*, 87 F.3d 34, 41 (2nd Cir. 1996).

a whole[17] and further states that any ambiguity in a criminal statute should be resolved in favor of lenity.[18]

The *Yates* case did not determine whether this particular statute is or is not ambiguous. Furthermore, when the principles articulated in *Yates* are applied to Section 2251(a), this Court finds that the statute is not ambiguous.

Black's Law Dictionary defines the word "ambiguity" as "[a]n uncertainty of meaning or intention, as in a contractual term or statutory provision."[19] Therefore, to be ambiguous, the meaning or intention of the statute must be unclear or uncertain. The fact that the words "uses," "employs," "persuades," "induces," "entices," or "coerces," can apply to different types of activity does not render the statute uncertain, it merely illustrates the statute's broad scope. The defendant argues that "[i]f Congress had intended that the mere depiction of a minor engaging in any of the defined conduct would be a violation of this statute, it would have been simple to say so."[20] But this Court finds that, by including the words "employs" and "uses" in addition to the words "persuades, induces, entices, or coerces," which have very

---

[17] *Yates v. United States*, 135 S. Ct. 1074, 1081-82 (2015).

[18] *Yates v. United States*, 135 S. Ct. at 1088.

[19] *Ambiguity*, Black's Law Dictionary (Ninth Edition 2009).

[20] Rec. Doc. 68-1 at 7.

different connotations, Congress accomplished the same goal and intentionally broadened the scope of the conduct proscribed by the statute. As the Second Circuit stated with regard to Section 2251(a),

> Although the word "use" may pose "interpretational difficulties" in certain contexts, we do not believe that it creates problems here. As the Supreme Court pointed out . . ., the "ordinary or natural" meaning of the word "use" can be variously stated as "[t]o convert to one's service," "to employ," "to avail oneself of," and "to carry out a purpose or action by means of." There is undoubtedly an active component to the notion of "use." But that component is fully satisfied for the purposes of the child pornography statute if a child is photographed in order to create pornography.[21]

Furthermore, the inclusion of the word "uses" along with the words "employs," "persuades," "induces," "entices," and "coerces," must be viewed as a deliberate choice by Congress. As a general rule, interpreting a statute requires a court "to give effect, if possible, to every word Congress used."[22] Furthermore, when construing a federal statute, it must be assumed that "Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning."[23] Thus, Congress must

---

[21] *United States v. Sirois*, 87 F.3d 34, 41 (2nd Cir. 1996) (internal citations omitted).

[22] *Pilgrim's Pride Corp. v. Comm'r of Internal Revenue*, 779 F.3d 311, 316 (5th Cir. 2015), quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979).

[23] *United States v. Hubbard*, 480 F.3d 341, 347-48 (5th Cir. 2007).

have intentionally meant to include words that are not wholly synonymous. As the First Circuit noted when called upon to interpret this statute,

> The inclusion of multiple similar verbs in the statute illustrates Congress' intent to reach as broad as possible a range of ways that a defendant might actively be involved in the production of sexually explicit depictions of minors. Some of these acts may involve deception, violence, or otherwise be an independently unlawful act, but they need not be so long as the acts are done with the intent of making a visual depiction of a minor engaging in sexually explicit conduct.[24]

This reasoning is both sound and persuasive. Congress deliberately chose words that do not mean exactly the same thing so that a broad range of conduct would be prohibited by the statute. The choice of these different words did not make the meaning of the statute unclear; it broadened the scope of the statute's applicability. Accordingly, it would not be appropriate to apply the rule of lenity and interpret the statute in the way suggested by the defendant. "We may invoke the rule of lenity only where a 'reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute.'"[25] The inclusion of the word "uses" along with the other words describing

---

[24] *Ortiz-Graulau v. United States*, 756 F.3d 12, 19 (1st Cir. 2014), *cert. denied*, 135 S. Ct. 1438, 191 L. Ed. 2d 395 (2015).

[25] *Moskal v. United States*, 498 U.S. 103, 108 (1990) (internal quotation marks omitted).

the type of conduct that is prohibited did not make the meaning of the statute uncertain; therefore, the statute is not ambiguous.

## CONCLUSION

For the reasons set forth above, this Court finds that the superseding indictment is constitutionally sufficient, that the defendant has not presented a meritorious legal argument concerning the interpretation of the statute under which he was charged, and that the defendant's argument concerning the sufficiency of the evidence is premature. Accordingly,

IT IS RECOMMENDED that the defendant's motion to dismiss Counts 1 through 8 of the indictment (Rec. Doc. 68) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Cr. P. 59(b)(2), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or on a date set by the district court, shall act to waive the party's right to review by the district court. Fed. R. Cr. P. 59(b)(2).

Signed at Lafayette, Louisiana, this 5th day of February 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: 2/5/2016
BY: EFA
TO: PM

tb