UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA               CRIMINAL NO. 15-cr-00175

VERSUS                                 JUDGE MINALDI

RAYLIN RICHARD                         MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Currently pending is the defendant's motion to sever Counts 7, 8, 9, and 10 of the indictment (Rec. Doc. 80) on the basis that Counts 1 through 6 of the indictment pertain to a different alleged victim than Counts 7 through 10.  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  The motion is opposed.  (Rec. Doc. 85).  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be DENIED.

The defendant was charged in a federal criminal complaint on June 30, 2015. He was then indicted by a federal grand jury and charged with one count of production of child pornography, four counts of attempted production of child pornography, and one count of possession of child pornography.  (Rec. Docs. 3, 4). In a superseding indictment, issued on September 9, 2015, he was charged with six counts of production of child pornography in violation of 18 U.S.C. § 2251(a); three

counts of attempted production of child pornography in violation of 18 U.S.C. § 2251(a), (e); and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  (Rec. Docs. 23, 24).

## CONTENTIONS OF THE PARTIES

The defendant argues that trying all ten counts together will prejudice him by impairing his presumption of innocence, depicting him as a person of bad character, embarrassing and confounding him in confronting the offenses, allowing proof that he may be guilty of some offenses used to convict him of other offenses, and forcing him to choose whether to testify on both sets of alleged offenses or neither.  The defendant also argues that the lack of factual detail in the indictment, including the failure to identify the alleged victims in the indictment, makes it impossible for him to determine which factual allegations pertain to which alleged victim.

The Government opposed the motion, stating that Count 9 of the indictment pertains to a 16-year-old alleged victim while all of the other counts of the indictment pertain to the same 12-year-old victim, and arguing that all of the charged offenses are of the same or similar character and should, for that reason, remain joined.

## ANALYSIS

Rule 8(a) of the Federal Rules of Criminal Procedure states that offenses having the same or similar character, arising out of the same act or transaction, or

connected with or constituting a common scheme or plan may be charged in separate counts of the same indictment.   Joinder of charges is the rule rather than the exception, and Rule 8 is construed liberally and broadly in favor of initial joinder.[1] The reasoning behind this principle is well-founded.  Adopting a policy of avoiding multiple prosecutions takes into account both fairness to defendants and efficient and orderly law enforcement.[2]

The Fifth Circuit has found that crimes are of the same or similar character when counts charge violations of the same criminal statute and a logical relationship between the counts exists.[3]  Two or more offenses are of a same or similar character if they both involve similar activities or methods.[4]  The transaction requirement of Rule 8 is flexible, and the offenses "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."[5]  Two or more offenses are connected with or constitute parts

---

[1]      *United States v. Butler*, 429 F.3d 140, 146 (5th Cir. 2005); *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995); *United States v. Winn*, 948 F.2d 145, 161 (5th Cir. 1991); *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976).

[2]      See *Rinaldi v. United States*, 434 U.S. 22, 27 (1977).

[3]      *United States v. Duarte*, 52 F.3d 1067, at *3 (5th Cir. 1995).

[4]      See *United States v. Fortenberry*, 919 F.2d 923, 926 (5th Cir. 1990); *United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995).

[5]      *United States v. Butler*, 429 F.3d 140, 146–47 (5th Cir. 2005) (quoting *United States v. Fortenberry*, 914 F.2d 671, 675 (5 Cir.1990) (quoting *United States v. Park*, 531 F.2d at 761)).

of a common scheme or plan if the offenses are logically related to a common objective.[6]

Rule 14(a) of the Federal Rules of Criminal Procedure permits severance of the counts in an indictment if the joinder of the counts prejudices the defendant. The burden is on the defendant to demonstrate prejudice, and the burden is a difficult one.[7] The Fifth Circuit has specifically rejected the assertion that being tried on multiple counts is sufficiently prejudicial, in and of itself, to require separate trials.[8] The defendant must also show something more than the fact that a separate trial might offer him a better chance of acquittal.[9] Prejudice exists when there is a serious risk that the jury will be unable to make a reliable judgment about guilt or innocence.[10] Prejudice may result if the jury is unable to separate the evidence and apply it to the proper offenses, or if the jury uses the evidence of one of the charged crimes to infer

---

[6]      See *Butler*, 429 F.3d at 147; *United States v. Davis*, 124 F. App'x 838, 845 (5th Cir. 2005); *United States v. Hatcher*, 423 F.2d 1086, 1090 (5th Cir. 1970).

[7]      *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994) (quoting *United States v. Park*, 531 F.2d 754, 762 (5th Cir. 1976)).

[8]      *United States v. Butler*, 429 F.3d 140, 147 (5th Cir. 2005); *United States v. Fagan*, 821 F.2d 1002, 1007 (5th Cir. 1987).

[9]      *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994) (quoting *United States v. Park*, 531 F.2d at 762).

[10]      *United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008).

that the defendant likely committed the other crimes charged.[11]  The defendant must show specific and compelling prejudice.[12]  Whether to grant a severance under Rule 14 is a decision within the trial court's broad discretion.[13]  In deciding a motion to sever such as this one, the court is required to balance the interest in judicial economy against the risk of prejudice to the defendant.[14]

In this case, the charges are sufficiently related to support their being joined in the same indictment.  Most important, this Court finds that the defendant cannot establish, as asserted in support of his motion, that Counts 1 through 6 pertain to one alleged victim while Counts 7 through 10 pertain to a different victim.  Although the face of the indictment does not identify the alleged victims or clearly state which charged offense pertains to which alleged victim, there has been extensive motion practice in this case, the parties have met to discuss the discovery conducted in the case, and there has been an evidentiary hearing in which much of the factual background was addressed.  The Government's assertion that all of the counts of the indictment except for Count 9 pertain to the 12-year-old alleged victim while Count

---

[11]     *United States v. Fortenberry*, 914 F.2d 671, 675 (5th Cir. 1990).

[12]     *United States v. Krenning*, 93 F.3d 1257, 1267 (5th Cir. 1996); *United States v. Winn*, 948 F.2d 145, 161 (5th Cir. 1991), cert. denied, 503 U.S. 976 (1992).

[13]     *United States v. Snarr*, 704 F.3d 368, 396 (5th Cir. 2013); *United States v. Chagra*, 754 F.2d 1186, 1188 (5th Cir. 1985).

[14]     *United States v. Solis*, 299 F.3d 420, 440 (5th Cir. 2002).

9 pertains to the 16-year-old alleged victim is based on information that has been made known to the defendant through discovery, through motion practice, and through the evidence submitted at a hearing.  Therefore, the defendant's argument that he does not know which count of the indictment applies to which alleged victim lacks merit.

This Court also finds that joinder of the ten offenses was proper under Rule 8(a) because the offenses are of the same or similar character or part of the same scheme or plan.  In the indictment, the defendant is charged with the production, attempted production, and possession of child pornography.  Each offense involves the defendant's allegedly using his mobile telephone to surreptitiously photograph unclothed children, and nine of the ten offenses were charged under the same statute, while the tenth count was charged under a related statute.  There is a logical connection between the crimes charged, similar activities were used by the defendant to obtain the images of both alleged victims, and the defendant's alleged conduct appears to be part of a common scheme or plan to obtain images of unclothed children to satisfy his prurient interest. Pubescent females were the subject of all of the photographs, it is alleged that the defendant took advantage of his romantic relationship with the guardians of the alleged victims in order to obtain access to the children so that he could photograph them, and the same iPhone device was allegedly

used in all of the alleged offenses. Thus, this Court finds that the crimes charged in the indictment are sufficiently similar to permit joinder of the charges.

This Court further finds that the defendant has not established that he will be prejudiced if he is tried on all of the charges at the same time. The Government will have the burden, at trial, of putting on evidence demonstrating that the defendant separately photographed each of the alleged victims and created each of the images supporting the offenses charged in each count of the indictment. Therefore, it is unlikely that the jury will confuse the evidence supporting the counts pertaining to the 12-year-old victim with the evidence supporting the count pertaining to the 16-year-old victim. The defendant has not met his burden of showing that specific and compelling prejudice will be caused by his going to trial on all counts at the same time. More specifically, he has not established that the jury will be unable to make a reliable judgment about his guilt or innocence or that the jury will be unable to separate the evidence as to each charged offense.

## CONCLUSION

For the reasons set forth above, this Court finds that the offenses charged are sufficiently similar in character to support joinder and further finds that the defendant has not satisfied his burden of demonstrating that he will be prejudiced if he is required to be tried on all counts of the indictment at the same time. Accordingly,

IT IS RECOMMENDED that the court should exercise its discretion and deny the defendant's motion to sever Counts 1 through 6 from Counts 7 through 10 for trial (Rec. Doc. 80).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or on a date set by the district court, shall act to waive the party's right to review by the district court. Fed. R. Cr. P. 59(b)(2).

Signed at Lafayette, Louisiana, this 3rd day of March 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE:     3/3/2016
BY:           EFA
TO:           PM
                  tb