UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 15-cr-00175

VERSUS                            JUDGE MINALDI

RAYLIN RICHARD                    MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Currently pending is the defendant's motion to dismiss the indictment (Rec. Doc. 81) on the basis that it violates the Double Jeopardy Clause of the United States Constitution by charging the defendant in multiple counts for the same act.  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  The motion is opposed.  (Rec. Doc. 85).  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be DENIED.

The defendant was charged in a federal criminal complaint on June 30, 2015. He was then indicted by a federal grand jury and charged with one count of production of child pornography, four counts of attempted production of child pornography, and one count of possession of child pornography.  (Rec. Docs. 3, 4). In a superseding indictment, issued on September 9, 2015, he was charged with six counts of production of child pornography in violation of 18 U.S.C. § 2251(a); three

counts of attempted production of child pornography in violation of 18 U.S.C. § 2251(a), (e); and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  (Rec. Docs. 23, 24).

## CONTENTIONS OF THE PARTIES

The defendant contends that the Government charged him with multiple offenses in Counts 2, 3, and 4 of the indictment for a single act, violating his Constitutional protection against double jeopardy.

The Government opposed the motion, arguing that Counts 2, 3, and 4 of the superseding indictment charge separate and distinct offenses.

## ANALYSIS

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."[1]  "This protection applies both to successive punishments and to successive prosecutions for the same criminal offense."[2]  "The rule against multiplicity stems from the 5th Amendment to the Constitution which forbids placing a defendant twice in jeopardy for one offense. The rule prohibits the Government from charging a single offense in several counts

---

[1]        U.S. Const., Amdt. 5.

[2]        *United States v. Dixon*, 509 U.S. 688, 696 (1993).

and is intended to prevent multiple punishments for the same act."[3]  In determining whether an indictment is multiplicitous, a court must look to "whether separate and distinct prohibited acts, made punishable by law, have been committed."[4]  "[I]t is well settled that the test for determining whether several offenses are involved is whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense."[5]

Counts 2, 3, and 4 of the superseding indictment each allege that visual depictions of minors in sexually explicit conduct were produced by the defendant on April 26, 2015.  The defendant interprets this to mean that the indictment "charge[s] the defendant with the same crimes on the same date in counts 2 through 4."  (Rec. Doc. 81-1 at 2).  The Government contends, however, that "[a]lthough Counts 2 through 4 were completed on the same date and involve the same victim, the defendant created separate and distinct depictions of the minor victim from different video depictions of that victim.  Consequently, each charge constitutes separate and distinct prohibited acts."  (Rec. Doc. 85 at 7).  More particularly, the Government

---

[3]     *United States v. Kimbrough*, 69 F.3d 723, 729 (5th Cir. 1995).

[4]     *United States v. Shaid*, 730 F./2d 225, 231 (5th Cir. 1984) (quoting *Bins v. United States*, 331 F.2d 390, 393 (5th Cir. 1964)).

[5]     *Bins v. United States*, 331 F.2d 390, 393 (5th Cir. 1964).  See, also, *United States v. Buchanan*, 485 F.3d 274, 278 (5th Cir. 2007).

contends that "in Count 2 the grand jury charged the defendant's April 26, 2015 creation of a still image depicting a 12-year-old's vagina at the center of the  frame . . . from a video that the defendant surreptitiously filmed on April 13, 2015. . . .  In Count 3, the grand jury charged the defendant's April 26, 2015 creation of a different still image (similarly depicting a close up image of a 12-year-old's vagina) from a video that the defendant surreptitiously filmed on April 21, 2015.  For Count 3, the visual depiction focusing on the child's vagina was completed on the same day as Count 2; however, the process of producing the image charged in Count 3 began on April 21."  (Rec. Doc. 85 at 7-8).  Based on the Government's representations, different facts will have to be proven with regard to each of these charged offenses, and each charge offense is separate rather than multiplicitous.

The Government also argues that the term "unit of prosecution" is used to determine whether multiple charges are proper and that the production of a visual depiction is a unit of prosecution, thus supporting a separate count for each act of producing a different depiction.  Therefore, the original video would support one count, while production of a still picture from that video would support a second separate count.  "Whether a transaction results in the commission of one or more offenses is determined by whether separate and distinct acts made punishable by law have been committed.  The principle underlying this rule is that the 'unit of

prosecution' for a crime is the actus reus, the physical conduct of the defendant."[6]

In Counts 2, 3, and 4, Richard was charged under 18 U.S.C. § 2251.  In Count 10, he was charged with violating a different but related statute, 18 U.S.C. § 2252. The Fifth Circuit has held that Section 2252 does not address what unit of prosecution should apply and therefore, when called upon to resolve a dispute concerning whether each image viewed or each website viewed counted as a unit of prosecution, the Fifth Circuit decided the issue in the defendant's favor, applied the rule of lenity, and counted the defendant's viewing of each website as a unit of prosecution.[7]

Neither the defendant nor the Government directed this Court to governing authority, whether statutory in nature or originating with caselaw, establishing the unit of prosecution in Section 2251 cases, and none was located by this Court. However, there is some authority from child pornography cases in other circuits concluding that each photograph or image can support a separate charge.[8]

---

[6]     *United States v. Reedy*, 304 F.3d 358,  (5th Cir. 2002) (quoting *United States v. Prestenbach*, 230 F.3d 780, 783 (5th Cir. 2000) (internal quotation marks and footnote signals omitted)).

[7]     *United States v. Reedy*, 304 F.3d 358 (5th Cir. 2002).

[8]     *United States v. Fee*, 491 Fed. App'x 151, 157 (11th Cir. 2012) ("The text of section 2251(a) makes clear that Congress proscribed each discreet visual depiction of a minor as a separate offense."); *United States v. Esch*, 832 F.2d 531 (10th Cir. 1987). Cf. *United States v. Coutentos*, No. 09-CR-60-LRR, 2009 WL 4730180, at *2 (N.D. Iowa Dec. 3, 2009) (The court found § 2251(a) to be ambiguous and further found the congressional intent unclear.  Therefore, the court resolved the ambiguity in favor of the defendant in accordance with the rule of lenity and found Count 2 of the indictment to be multiplicitous.)

In deciding the instant motion, this Court must determine whether the allegation that the defendant produced child pornography on April 26, 2015 when he created three still images from video footage that had been recorded earlier supports a separate charge for each still image so created. This Court finds that creating the still images required active conduct by the defendant separate and apart from his recording of the video. This Court further finds that, in order to successfully prosecute the defendant with regard to the offenses charged in Counts 2, 3, and 4, the Government will have to present facts different from those required to prosecute the defendant with regard to the offense charged in the other counts of the indictment, particularly those related to the creation of the video. The existence of different factual support for the different charges persuades this Court that the indictment is not multiplicitous.

<u>CONCLUSION</u>

For the reasons set forth above, this Court finds that Counts 2, 3, and 4 of the superseding indictment require different factual evidence from the other counts of the indictment and consequently further finds that these counts of the indictment are not multiplicitous. Accordingly,

IT IS RECOMMENDED that the defendant's motion to dismiss the indictment (Rec. Doc. 81) should be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or on a date set by the district court, shall act to waive the party's right to review by the district court.  Fed. R. Cr. P. 59(b)(2).

Signed at Lafayette, Louisiana, this 3rd  day of March 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE


COPY SENT:

DATE: _____3/3/2016_____
BY: _____EFA_____
TO: _____PM_____
               tb