UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:15-CR-00175 |
| VERSUS | JUDGE MINALDI |
| RAYLIN RICHARD | MAGISTRATE JUDGE HANNA |

## RULING ON MOTION IN LIMINE

Currently pending is the motion in limine (Rec. Doc. 40), which was filed on behalf of defendant Raylin Richard, seeking to preclude evidence concerning the defendant's alleged involvement with controlled dangerous substances or any other criminal acts not listed in the indictment. For the following reasons, the motion is hereby **GRANTED**.

## BACKGROUND

The defendant was indicted by a grand jury on September 9, 2015 on six counts of production of child pornography, three counts of attempted production of child pornography, and one count of possession of child pornography in violation of 18 U.S.C. §§ 2251(a), (e), and 2252A(a)(5)(B). The Government focuses its opposition solely around events concerning Count 9 of the indictment, which is listed as one of the attempted production of child pornography charges.

The defendant is accused of attempting to obtain child pornography on or about May 11, 2015, by asking the victim, a sixteen-year-old minor, to send him

her "sexiest pic." The Government contends that the defendant coerced the minor to send the picture by telling her that he (the defendant), the victim's mother, and the victim's boyfriend had all previously engaged in sexual intercourse (referred to as a "threesome"). Several days later, this claim upset the victim so much that she decided to tell her mother. The defendant and the victim's mother then engaged in text message communications about the claim, which ended in an argument. The next day, on May 14, 2015, the defendant and the victim's mother engaged in further conversation and reconciled their differences. Later that same day, approximately eleven hours after their reconciliation, the victim's mother requested money and narcotics from the defendant. Namely, she requested "Addy," otherwise known as Adderall (a Schedule II Controlled Dangerous Substance). The text messages indicate that the defendant agreed to the request. The Government opposes the motion in limine with regard to the text message conversations between the defendant and the victim's mother concerning Adderall.

## LAW AND ANALYSIS

In his motion in limine, the defendant asserts that any evidence concerning activities not referenced in the indictment is irrelevant. These activities include the defendant's involvement with drugs, such as marijuana, hydroponically grown marijuana, ecstasy, Xanax, Vyvance, and cocaine, and also include any violent

acts or the threat of such crimes not related to or necessary to prove the indicted charges. (Rec. Doc. 47-2, p. 2, 9, 21). The defendant claims that, even if the evidence were relevant or material to the prosecution in this case, it would, if presented to a jury, result in unfair prejudice against him. The defendant argues that exclusion of the evidence is appropriate under Rules 403 and 404(b) of the Federal Rules of Evidence. The Government opposes the motion only as to the Adderall and argues that the cited evidentiary rules are not applicable. Thus, the Government argues that certain text messages concerning Adderall should be admitted at trial.

## I. ALL DRUG CLAIMS OTHER THAN ADDERALL AND OTHER NON-CHARGED OFFENSES

The Government, in its memorandum opposing the motion, contests exclusion only with regard to communications between the defendant and the victim's mother concerning Adderall. The Government has presented no opposition to evidence relating to any other narcotic or any other non-charged criminal act. Without any disagreement from the Government, this Court concludes that there is no opposition to the exclusion of any evidence relating to the other non-charged offenses. Therefore, this Court will grant the defendant's motion with regard to any non-

charged offense evidence other than that concerning Adderall and order that this evidence be excluded from use at trial.

## II. DRUG CLAIMS CONCERNING ADDERALL

The primary dispute between the defendant and the Government on this motion concerns text message communications between the defendant and the victim's mother regarding Adderall. The defendant asserts that this evidence should be excluded from trial under Rules 403 and 404(b) of the Federal Rules of Evidence because the material is irrelevant to the charges listed in the indictment. The defendant also claims that, even if relevant, the materials should still be excluded as unfairly prejudicial to the defendant by portraying him as a person of poor character. The Government argues that these communications are relevant to the indicted charge and not unduly prejudicial. Thus, the Government argues that this evidence need not be excluded.

Rule 404(b)(1) of the Federal Rules of Evidence states that any evidence of a crime, wrong, or other act used to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character is inadmissible.[1] Rule 404(b)(2) of the Federal Rules of Evidence provides an exception to the general rule, stating that in criminal cases, evidence of a defendant's character

---

[1] Fed. R. Evid. 404(b)(1).

may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.[2] Therefore, if evidence is submitted to prove any of these elements or facts and is not presented solely to prove a defendant's character, then the evidence is admissible. However, Rule 403 limits this exception by stating that a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[3]

The Fifth Circuit has developed a two-prong test for examining evidence claimed to be outside the scope of indicted charges. First, the court must find that the extrinsic offense evidence is relevant to an issue other than the defendant's character.[4] Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403.[5] Because the test only considers extrinsic evidence, this Court must first determine whether the evidence is extrinsic or intrinsic.

---

[2] Fed. R. Evid. 404(b)(2).

[3] Fed. R. Evid. 403.

[4] *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978).

[5] *Id*.

## A. Evidence Determination

"Other act" evidence under Rule 404(b) is "intrinsic" when evidence of the charged crime and the other crime are "inextricably intertwined," both acts are part of a "single criminal episode," or the other acts were "necessary preliminaries" to the crime charged.[6] First, this Court will not address the "necessary preliminaries" language because the evidence sought to be admitted pertains to events after the alleged crime occurred. Evidence of drug use is not a precursor to establish a charge of attempted production of child pornography. Thus, the Court focuses solely on the "inextricably intertwined" and "single criminal episode" language.

Intrinsic evidence is described as being part and parcel of the act charged in the indictment.[7] The Fifth Circuit has described intrinsic evidence as "inextricably intertwined" and "single criminal episode" under Rule 404(b) in a descriptive hypothetical example:

> In the usual case, the "other acts" occurred at different times and under different circumstances from the crime charged. The policies underlying the rule are simply inapplicable when some offenses committed in a single criminal episode become 'other acts' because the defendant is indicted for less than all of his actions. If a person breaks into a house, murders the occupants, and steals a television set, the individual

---

[6] *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990) (citing *United States v. Torres*, 685 F.2d 921, 925 (5th Cir. 1982)).

[7] *United States v. Ridlehuber*, 11 F.3d 516 (5th Cir. 1993).

offenses do not become 'wholly separate and independent' crimes; merely because they are made the subject of separate indictments.[8]

Thus, in order for the evidence to be considered intrinsic, the extrinsic offense must be so close to the charged crime in the indictment that the "other act" evidence is considered to be a part of the charged crime.[9] Evidence is also considered intrinsic if the "other acts" arise out of the same transaction or series of transactions as the charged crime[10] or complete the story of the crime listed in the indictment.[11] The majority of cases analyzing whether evidence is admissible under Rule 404(b) relate to prior offenses; although subsequent evidence could always be admitted under Rule 404(b), it bears less substantially on predisposition than a prior extrinsic offense.[12]

The acts alleged in the indictment occurred on or about May 11, 2015. According to the Government, a text message conversation occurred between the

---

[8] *United States v. Torres*, 685 F.2d at 924 (5th Cir. 1982) (citing *United States v. Aleman*, 592 F.2d 881, 885 (5th Cir. 1979)).

[9] *United States v. Hemphill*, --- Fed. Appx. ---, 2016 WL 1319363, (5th Cir. 2016) (citing *United States v. Barnes*, 803 F.3d 209, 220 (5th Cir. 2015); *see also United States v. Ceballos*, 789 F.3d 607, 620 (5th Cir. 2015)).

[10] *United States v. Kloock*, 652 F.2d 492 (5th Cir. 1981).

[11] *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010) (citing *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996)).

[12] *United States v. Jimenez*, 613 F.2d 1373, 1376 (5th Cir. 1980) (citing *United States v. Daniels*, 572 F.2d 535, 538-39 (5th Cir. 1978)).

defendant and the minor victim from approximately 7:30 P.M. to 11:30 P.M. on that date. The defendant attempted to solicit from the minor victim her "sexiest pic" at 10:55 P.M. The defendant attempted to obtain the photo by telling the minor victim that he, the victim's mother, and the victim's boyfriend had engaged in sexual intercourse via a "threesome." Although the minor victim did not send any photos to the defendant during this exchange, the claim about the "threesome" made the minor victim feel so distraught that she asked her mother about the validity of the claim at a later time. The victim's mother then texted the defendant concerning the claim on May 13, 2015. Their conversation eventually led to an argument. The next text message correspondence between the defendant and the victim's mother occurred the next morning at approximately 7:30 A.M. on May 14, 2015. During these exchanges, no reference was made to any drug use or activities. It was not until eleven hours later, approximately 6:30 P.M., when the victim's mother requested money and Adderall from the defendant.

The eleven-hour span after the reconciliation between the parties reveals attenuation from the criminal episode of the charged crime to the "other act" involving the drug use evidence. The charged crime in Count 9 of the indictment occurred on May 11, 2015, when the defendant attempted to acquire an inappropriate sexual picture of the minor. Thus, the window for the criminal evidence should have

closed at the end of the texting conversation at approximately 11:30 P.M. that same evening. The conversation between the defendant and the victim resulted in the involvement of the victim's mother when the defendant claimed to have the "threesome" with the victim's mother and boyfriend. Thus, the texting conversation between the defendant and the victim's mother that occurred on May 13, 2015 and carried on into the next day on May 14, 2015 until approximately 7:30 A.M. could be seen as arising out of the exchange charged in the indictment. However, the "single criminal episode" ends at this point. There are no indications in these exchanges of any drug activity. No drugs are mentioned until eleven hours after the morning exchange. The length of time, the fact that the victim's mother initiated the conversation, and its unrelated nature to the crime alleged in the indictment leads to the conclusion that the drug evidence is not "part and parcel" of the evidence of attempted production of child pornography. The text exchange about drugs is also not "inextricably intertwined" with the charged offense nor does it "complete the story" of the charged offense because of the eleven hour gap between the charged offense transaction and the completely separate extrinsic offense action. Therefore, because the drug exchange is sufficiently attenuated from the attempted production of child pornography, the drug evidence is extrinsic to the charged offense and subject to exclusion under Rule 404(b).

### B. *Beechum* Prong #1

The first prong of the *Beechum* analysis requires a court to determine the relevancy of the evidence to an element or issue other than the defendant's character.[13] Rule 401 of the Federal Rules of Evidence states that evidence is relevant if it tends to make any fact more or less probable than it would be without the evidence and if the fact is necessary to determine the action.[14] For an extrinsic offense, relevance is related to the similarity to the charged offense, which is determined by the question or issue to which the extrinsic offense is addressed.[15] Rule 404(b)(2) limits these issues to a select few. This Court will focus here on motive, intent, opportunity, and absence of mistake.

The Government claims that the defendant placated the victim's mother with gifts of drugs and money in order to create further opportunities for criminal activity with the victim. The Government also contends that the defendant furnished drugs in order to cover up his previous crimes and keep the victim's mother from discovering conversations he had with the victim. The purpose of introducing evidence under Rule 404(b)(2) is to prove that the defendant performed the extrinsic act in order to

---

[13] *Beechum*, 582 F.2d at 911.

[14] Fed. R. Evid. 401.

[15] *Beechum*, 582 F.2d at 911.

-10-

commit the charged crime, not for future opportunities of crime.[16] The Court is also not swayed by the argument that the extrinsic offense evidence created the opportunity for the crime charged in the indictment because the evidence does not appear until after the charged crime occurred. The Government also does not present any evidence that the defendant placated the victim's mother with drugs and money in order to commit the crime charged in the indictment. The Court acknowledges a possibility of intent, motive, or absence of mistake may be the defendant's influence to supply the victim's mother with money and drugs. However, its probative value does not substantially outweigh the potential risk for undue prejudice that the defendant could suffer. Thus, the extrinsic evidence fails the first prong of the *Beechum* test.

### C. *Beechum* Prong #2

If the inquiry fails the first prong of the *Beechum* test, there is no need to go further. However, for the sake of clarification, the Court shall analyze the evidence under second prong of the *Beechum* test. In accordance with Rule 403 of the Federal Rules of Evidence, relevant evidence may be excluded if its probative value is substantially outweighed by a danger of undue prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

---

[16] *United States v. Miller*, 384 Fed. App'x 419 (5th Cir. 2010).

evidence. The defendant claims that admitting this evidence would result in him being unfairly prejudiced. In assessing the probative value and unfair prejudice of the admission of extrinsic offense evidence, Rule 403 requires that the Court use a common sense assessment of all circumstances surrounding both the extrinsic offense and the indicted offense.[17] When measuring the probative value of the evidence, a consideration of the overall similarity of the extrinsic offense and the indicted offense is necessary.[18] It is not determinative if the two are dissimilar, but probative value often aligns with similarities between the offenses; the time separating the extrinsic offense and the indicted offense is also indicative of probative value.[19]

This Court finds that the probative value of the extrinsic evidence does not substantially outweigh the potential danger of undue prejudice at trial. The admission of the evidence serves no purpose in proving any element of the indicted charge. The Government, without the drug evidence, can still prove to a jury that the defendant committed the indicted offense beyond a reasonable doubt. The admission of the extrinsic evidence relating to the defendant's use of drugs only serves to show the defendant's character in a negative light and has a high possibility of being unfairly

---

[17] *Beechum*, 582 F.2d at 914.

[18] *Id.* at 915.

[19] *Id.*

prejudicial to him if admitted at trial. Thus, the Court finds that the extrinsic evidence fails the second prong of the *Beechum* test. Therefore, this Court finds that the evidence concerning Adderall that is sought to be precluded by the defendant is unfairly prejudicial and its only purpose is to portray the defendant as a person of poor character.

## Conclusion

For the foregoing reasons, this Court hereby **GRANTS** the defendant's motion in limine (Rec. Doc. 40). It is hereby **ORDERED** that evidence of any non-charged offense related to the defendant in this matter is excluded as authorized under Rules 403 and Rules 404(b) of the Federal Rules of Evidence.

Signed at Lafayette, Louisiana, this 27th day of June, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE